IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHRISTOPHER ALAN BEAN**,

    Petitioner,

v.                                                                                   Civil Action No. **3:22CV601**

**HAROLD W. CLARKE,**

    Respondent.

**MEMORANDUM OPINION**

Christopher Alan Bean, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his conviction in the Circuit Court for the County of Dinwiddie, Virginia ("Circuit Court"). Respondent moves to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Despite the provision of notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Bean did not respond. For the reasons that follow, the § 2254 Petition will be DENIED as barred by the statute of limitations.

**I. Procedural History**

Following a bench trial, the Circuit Court convicted Bean of one count of rape of a child under the age of 13 and two counts of aggravated sexual battery of a child under the age of 13. (ECF No. 8-6, at 1.)[1] Bean appealed. (ECF No. 8-4, at 1.) On February 12, 2020, the Supreme Court of Virginia refused Bean's appeal. (*Id.*)

Bean filed his state habeas in the Circuit Court on June 28, 2021. (ECF No. 8-5, at 3.) By Order entered on October 6, 2021, the Circuit Court concluded that the state habeas petition was

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in the quotations in Bean's submissions.

untimely under the Virginia statute of limitations governing state habeas petitions. (ECF No. 8-6, at 6–8, 20) Bean appealed. (ECF No. 8-7, at 1.) On May 22, 2022, the Supreme Court of Virginia refused Bean's petition for appeal. (*Id.*)

On August 16, 2022, Bean filed his § 2254 Petition with this Court.[2] (ECF No. 1, at 16.) In his § 2254 Petition, Bean contends that he is entitled to relief upon the following grounds:

Claim One: Petitioner was denied the effective assistance of counsel because counsel failed to introduce evidence of Petitioner's impotency. (*Id.* at 5.)

Claim Two: Petitioner was denied the effective assistance of counsel when counsel failed to investigate and call Lee Johnson as a witness for the defense. (*Id.* at 6.)

Claim Three: Petitioner's constitutional rights were violated when the Supreme Court of Virginia failed to grant Petitioner relief on his state petition for a writ of habeas corpus. (*Id.* at 7–8.)

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, "claims of error occurring in a state postconviction proceeding cannot serve as a basis for federal habeas corpus relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (citations omitted). This is so because the habeas petitioner's detention results from the underlying state conviction, not the state collateral proceeding. *Lawrence v. Branker*, 517 F. 3d 700, 717 (4th Cir. 2008) ("[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." (citing *Bryant*, 848 F.2d at 493; *Bell–Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007); *United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006))). Therefore, Bean's

---

[2] This is the date that Bean placed his § 2254 Petition in the prison mail system. The Court deems the § 2254 Petition filed as of the date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

Claim Three in which he complains about errors in his state habeas proceedings fails to provide a viable basis for federal habeas relief and will be DISMISSED.[3]

## II.  Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  Specifically, 28 U.S.C. § 2244(d) now reads:

> **1.** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> **2.** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

[3] In Claim Three, Bean also complains about the conduct of David Bernard Hargett, who Bean contends he retained to represent him in his state habeas proceedings.  (ECF No. 1, at 7–8.)  These allegations provide no basis for federal habeas relief.  *See* 28 U.S.C. § 2254(i) ("The ineffectiveness . . . of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

### A. Commencement and Running of the Statute of Limitations

Bean's conviction became final on Monday, July 13, 2020, when the time for filing a petition for a writ of certiorari with the United States Supreme Court expired.[4] *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Fed. R. Civ. P. 6(a)(1)(C) (stating that where the last day of a deadline falls on a weekend or holiday, the period continues to run until the next day that is not a weekend or holiday). The one-year limitation period for filing his § 2254 Petition then expired on July 13, 2021.

### B. No Entitlement to Statutory Tolling

To qualify for statutory tolling, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These rules and laws "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted) (citations omitted). A petition that is denied by a state court as untimely is not "properly filed" within the meaning of the AEDPA. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (citation omitted) ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)"). Bean's state habeas petition was denied because it was not timely filed under Virginia law. Therefore, Bean is not entitled to statutory tolling. *Id.*

---

[4] On March 19, 2020, the Supreme Court of the United States extended the time for filing a petition for a writ of certiorari from 90 days to 150 days in light of the COVID-19 pandemic. *See United States v. Spencer*, No. 22-6773, 2022 WL 17660979, at *1 (4th Cir. Dec. 9, 2022) (citation omitted). "The Supreme Court rescinded this order on July 19, 2021 . . . ." *Id.* at *1 n.2.

Bean's § 2254 Petition is barred by the statute of limitation unless he demonstrates that he is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(B)–(D) or an equitable exception to the limitation period. Neither Bean nor the record suggest that Bean is entitled to a belated commencement of the limitation period. Further, as explained below, Bean is not entitled to equitable tolling.

### C. Equitable Tolling

Bean vaguely suggests that he is entitled to equitable tolling because of the incompetence of counsel during his state habeas proceedings. Specifically, Bean states:

> On or about March 20, 2020, Petitioner retained counsel, David Bernard Hargett, PLC, to represent him on a state petition for writ of habeas corpus after being denied direct appeal in the Virginia Supreme Court on May 4, 2022. Counsel then promised to investigate Petitioner's case, and inform him whether or not there was evidence within Petitioner's case worthy of pursuing a petition for a writ of habeas corpus. Counsel reminded Petitioner that the petition had to be filed by the deadline date of February 12, 2021. Prior to the deadline date, Petitioner, on numerous occasions tried to contact counsel to have explained to him the status of counsel's investigation, but without results. On May 24, 2021, three (3) months and twelve (12) days after the deadline date of February 12, 2021, counsel forwarded his "Findings Letter" to Petitioner informing him that he did not find any arguments within Petitioner's record that he felt worthy of habeas corpus action, then informed Petitioner that, due to the "Order Declaring Judicial Emergency In Response to Covid-19 Emergency," Petitioner himself still had time to file his petition for a writ of habeas corpus. As a result of the prison's law library being closed due to the pandemic, Petitioner was not able to file his petition with the Circuit Court of jurisdiction until the date of June 23, 2021. As a result of the deficient performance of counsel by forwarding Petitioner his "Findings Letter" well after the deadline date of February 12, 2021, prejudiced Petitioner, and as a result, he was denied his right to due process when the Supreme Court of Virginia dismissed the petition as time barred . . . .

(ECF No. 1, at 7–8.)

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace*, 544 U.S. at 418). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). To make the requisite showing of diligence, the petitioner "must allege with specificity the steps he took to diligently pursue his federal claims." *Id.* at 929–30 (emphasis added).[5]

Simple attorney error or incompetence during state habeas proceeding is not an extraordinary circumstance that warrant equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 249 (4th Cir. 2003) (citations omitted). Additionally, "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances." *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (footnote omitted) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). Moreover, "[t]he word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests

---

[5] The diligence detailed by the petitioner in *Holland* stands in marked contrast to Bean's sparse allegations here. *See* 560 U.S. 635–44. Holland provided the court with a detailed description of his efforts to pursue habeas relief. *See id.* From that description, the Supreme Court was able to conclude that Holland acted with sufficient diligence because:

> Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins—the central impediment to the pursuit of his legal remedy—removed from his case. And, the *very day* that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court.

*Id.* at 653.

and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999)). Bean fails to articulate how Mr. Hargett's actions prevented Bean from timely filing either a state habeas petition or his § 2254 Petition. "Simply put, [Bean] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *O'Neill v. Dir., Va. Dep't of Corr.*, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011). In sum, Bean's § 2254 Petition is untimely and is barred by the statute of limitations. Claims One and Two will be DISMISSED.

### III.  Conclusion

Respondent's Motion to Dismiss (ECF No. 6) will be GRANTED. Bean's claims will be DISMISSED. Bean's § 2254 Petition will be DENIED as barred by the statute of limitations. The action will be DISMISSED. Bean's Motion for an Evidentiary Hearing (ECF No. 13) will be DENIED. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

It is so ORDERED.

/s/ _____
Roderick C. Young
United States District Judge

Date: June 8, 2023
Richmond, Virginia